On respondent's petition for reconsideration filed September 30, reconsideration allowed, former opinion (272 Or App 725, 357 P3d 514) modified and adhered to as modified November 18, 2015, petition for review denied May 5, 2016 (359 Or 525)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JIMMY EDWARD DAVENPORT,
*Defendant-Appellant.*

Douglas County Circuit Court
10CR2224FE; A149453

361 P3d 669

Ellen Rosenblum, Attorney General, Paul Smith, Deputy Solicitor General, and Greg Rios, Assistant Attorney General, for petition.

Before Duncan, Presiding Judge, and Haselton, Chief Judge, and Schuman, Senior Judge.

PER CURIAM

## PER CURIAM

In our decision in *State v. Davenport*, 272 Or App 725, 357 P3d 514 (2015), we concluded that the trial court erred in denying defendant's motion to suppress evidence obtained as a result of a law enforcement officer's warrant-less removal of a small object from defendant's pocket. As explained in our previous opinion, during the course of a traffic stop, the officer learned that defendant had a BB gun inside his vehicle. Thereafter, the officer ordered defendant from his vehicle, took him about 10 feet away, and patted him down. During the pat down, he felt an object that was, according to the officer, "very consistent with [the] length and diameter [of] a bullet." The officer then removed the object, which was a container of methamphetamine. We concluded that the officer's search of defendant was not justified by the officer-safety exception to the warrant requirement and, accordingly, reversed and remanded the judgment of conviction.

The state now seeks reconsideration, contending that our decision contained a factual error. *See* ORAP 6.25(1)(a). We allow reconsideration to correct a typographical error and adhere to our previous opinion as modified.

The state notes that in our opinion we described the officer's weight as 255 pounds, when in fact the record indicates that the officer weighed 155 pounds. 272 Or App at 728 n 2. The description of the officer's weight as 255 pounds was a typographical error. We modify that part of the opinion to state:

> "The officer testified that he was 5'6" tall and weighed 155 pounds and defendant was 6'1" and weighed 300 pounds."

The typographical error did not affect our reasoning or disposition and, therefore, we adhere to our former opinion as modified.

Reconsideration allowed; former opinion modified and adhered to as modified.